UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) Case No. 4:11-cr-02 |
| v. | ) PLEA AGREEMENT |
| BRADLEY HAROLD MILLER, | ) |
| Defendant. | ) |

The United States of America (also referred to as "the Government") and the defendant, BRADLEY HAROLD MILLER, and defendant's attorney, John Burns, enter into this Plea Agreement.

## A. CHARGES

1  Subject Offense. Defendant will plead guilty to Count 2 of the Indictment, that is, possession of child pornography. Defendant also agrees to forfeiture of the items listed in the Indictment.

2  Elements. Defendant understands that the elements of the subject offense charged in Count 2 are:(1) that the defendant knowingly possess visual depictions of a minor engaged in sexually explicit conduct; and (2) that the visual depictions had been shipped and transported in interstate and foreign commerce by any means, including by computer.

3  Charges Being Dismissed. Count 1 will be dismissed at the time of sentencing.

1

4       No Further Prosecution. The Government agrees that defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation. This paragraph and this plea agreement do not apply to (1) any criminal act occurring after the date of this agreement, and (2) any crime of violence.

**B.   MAXIMUM PENALTIES**

5       Maximum Punishment. Defendant understands that the crime to which defendant is pleading guilty carries a maximum sentence of up to 10 years in prison; a maximum fine of $250,000.00; ; and up to a lifetime term of supervised release. A mandatory special assessment of $100 per count also must be imposed by the sentencing court.

6.      Supervised Release--Explained. Defendant understands that, during any period of supervised release or probation, defendant will be under supervision and will be required to comply with certain conditions. If defendant were to violate a condition of supervised release, defendant could be sent back to prison, without any credit for time previously served.

7.      Detention. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), defendant agrees to submit to custody following the completion of the entry of defendant's guilty plea to await the imposition of sentence unless the defendant can establish that exceptional circumstances exist which would allow the defendant to remain on pretrial release pending sentencing.

**C.   SENTENCING**

8.      Joint Sentencing Recommendation. Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the Court should impose a sentence of 30 months and will not advocate for a higher or lower sentence at the time of sentencing. The parties agree

that this sentence takes into account all of the relevant factors set forth under 18 U.S.C. § 3553(a), including the advisory sentencing guidelines calculation, the nature and circumstances of the offense, the history and characteristics of the defendant, and other pertinent factors. Should the Court decline to impose this recommended sentence, defendant may withdraw his plea of guilty, and the case will then be set for trial.

6     Presentence Report. Defendant understands that the Court may defer a decision as to whether to accept this plea agreement until after a Presentence Report has been prepared by the United States Probation Office, and after defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.

7     Evidence at Sentencing. Defendant, defendant's attorney, and the Government attorney will be permitted to make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information to the U.S. Probation Office for use in preparing a presentence report.

8     Statements at Change of Plea Hearing. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask the defendant questions under oath about the offense to which defendant is pleading guilty, in the presence of defendant's attorney. Defendant understands that defendant must answer these questions truthfully, and that defendant can be prosecuted for perjury if defendant gives any false answers.

D.     **FORFEITURE, FINES, COSTS, AND RESTITUTION**

9     Forfeiture. Defendant agrees to forfeiture of the property identified in the

Indictment. Defendant will execute any documents as directed by the Government to complete the forfeiture.

10      Waivers Regarding Forfeiture. Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. The defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

11      Consent to Judgment of Forfeiture. Defendant agrees to waive all interest in asset subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

12      Fines and Costs. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

13.     Special Assessment. The defendant agrees to pay the mandatory special assessment of $100 per count at or before the time of sentencing, as required by 18 U.S.C.

§ 3013.

14.     Restitution. Defendant agrees that the Court should impose an order of restitution for all relevant conduct in an amount to be determined by the Court; that such order of restitution shall be due and payable immediately; and that if defendant is not able to make full payment immediately, defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments. Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

### E.     LIMITED SCOPE OF AGREEMENT

15.     Limited Scope of Agreement. This agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute defendant for crimes occurring outside the scope of this agreement. Additionally, this agreement does not preclude the Government from pursuing any civil or administrative matters against defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

13      Agreement Limited to Southern District of Iowa. This plea agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

14      Sex Offender Registry. Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon defendants release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3582(d). Defendant also understands that

independent of supervised release, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. Defendant understands that defendant shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration in the state of Iowa, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirement of federal and state sex offender registration laws, including the requirement to update defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

    **F.**    **WAIVER OF TRIAL RIGHTS - WAIVER OF APPEAL / 2255**

    15    <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

    (a)    continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    (b)    a speedy and public trial by jury, which must unanimously find the defendant guilty before there can be a conviction;

    (c)    the assistance of an attorney at all stages of trial and related proceedings, to be paid at government expense if defendant cannot afford to hire an attorney;

    (d)    confront and cross-examine adverse witnesses;

    (e)    present evidence and to have witnesses testify on behalf of defendant, including having the court issue subpoenas to compel witnesses to testify on the defendant's behalf;

    (f)    not testify or have any adverse inferences drawn from the failure to testify (although defendant also has the right to testify, if defendant so chooses); and

    (g)    if defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at government expense if defendant cannot afford to hire an attorney.

16    <u>Waiver of Appeal and Post-Conviction Review</u>. The defendant knowingly and expressly waives any and all rights to appeal defendant's conviction in this case, including a waiver of all motions, defenses and objections which defendant could assert to the charge(s) or to the court's entry of judgement against defendant. If the court imposes the sentence recommended by the parties, defendant also waives any and all rights to appeal defendant's sentence. Also, the defendant knowingly and expressly waives any and all rights to contest defendant's conviction of the subject charges in any post-conviction proceedings, including any proceedings under Title 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel and/or prosecutorial misconduct not known to the defendant, or reasonably knowable, at the time of entering this plea agreement.

### G. VOLUNTARINESS OF PLEA -- OPPORTUNITY TO CONSULT WITH COUNSEL

17   <u>Voluntariness of Plea</u>. Defendant represents that defendant's decision to plead guilty is defendant's own, voluntary decision, and that the following is true:

- (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defendant's attorney, and defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

- (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

- (c) No one has threatened defendant or defendant's family to induce this guilty plea.

- (d) Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

18   <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with defendant's attorney and states that the following is true:

- (a) Defendant states that defendant is satisfied with the representation provided by defendant's attorney.

- (b) Defendant has no complaint about the time or attention defendant's attorney has devoted to this case nor the advice the attorney has given.

- (c) Although defendant's attorney has given defendant advice on this guilty plea, the decision to plead guilty is defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of defendant's attorney, and with a full understanding of defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

### H. ENTIRE AGREEMENT -- EFFECTIVE DATE -- PUBLIC INTEREST

19   <u>Entire Agreement</u>. This plea agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and

signed by all parties.

20    Public Interest. The parties state this plea agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

21    Execution/Effective Date. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

I.    **ATTACHMENTS AND MISCELLANEOUS ITEMS**

22    Factual Stipulations. Attached hereto as Attachment "A", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of the defendant's offense conduct relating to each subject offense. Defendant acknowledges that these statements are true. Defendant further agrees that these factual statements may be used by any party, including the United States, in any other proceeding, unless the Court should permit the defendant to withdraw from this Plea Agreement prior to sentencing.

23    Venue. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

## J. SIGNATURES

24   <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree with it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this plea agreement, and about the rights that I am giving up, before entering into the plea of guilty.

Date 22 Jun/11

BRADLEY HAROLD MILLER
Defendant

25   <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the Agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of defendant's own free will, with full knowledge of defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur in my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

_6/22/11_
Date

_[signature]_
John Burns
400 Locust, Suite 340
Des Moines, Iowa 50309
Telephone: 515-309-9610
Telefax: 515-309-9625
E-Mail: john_burns@fd.org

50   <u>United States</u>.  The Government agrees to the terms of this Plea Agreement.

Nicholas A. Klinefeldt
United States Attorney

_7-6-11_                    By: _[signature]_
Date                            John S. Courter
                                Assistant U.S. Attorney
                                U.S. Courthouse Annex, Suite 286
                                110 East Court Avenue
                                Des Moines, Iowa 50309
                                Telephone: 515-473-9300
                                Telefax: 515-473-9292
                                E-mail: john.courter@usdoj.gov

Attachment "A"

STIPULATION OF FACTS

1. On or about September 3, 2010, law enforcement agents served a search warrant at the defendant's residence in Des Moines, Iowa. The defendant's computer was seized as a result of this search warrant..

2. The defendant acknowledges that, prior to September 3, 2010, at least one image of a minor engaged in sexually explicit conduct had been downloaded from the internet and saved to the hard drive of his computer.

3. The defendant further acknowledges that on September 3, 2010, he knew there was at least one image depicting the lascivious exhibition of a minor's genitalia saved to the hard drive of his computer.

4. The defendant agrees that at least one component of the computer had been manufactured outside the state of Iowa and had been shipped and transported in interstate or foreign commerce. The defendant further agrees that the internet is a means or facility of interstate commerce.

5. Defendant agrees that one or more of the acts constituting the offense charged in Count 2 of the indictment occurred in the Southern District of Iowa.

6. Defendant hereby certifies that the facts set forth above are true and accurate to the best of Defendant's knowledge.

_____  
Date

BRADLEY HAROLD MILLER  
Defendant

_____  
Date

John Burns  
Attorney for Defendant

_____  
Date

John S. Courter  
Assistant United States Attorney